IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BIRMINGHAM EMERGENCY )
COMMUNICATIONS DISTRICT, )
                                                       )
                **Plaintiff,** )
                                                       )
**v.** )    **Case No. 2:17-cv-00395-RDP**
                                                       )
**BANDWIDTH.COM, INC., et al.,** )
                                                       )
               **Defendants.** )
                                                       )

## **MEMORANDUM OPINION**

This matter is before the court on Plaintiff's Motion for Leave to File First Amended Complaint. (Doc. # 32). The Motion is fully briefed. (Docs. # 32, 34, 35). For the reasons explained below, the Motion is due to be granted.

### **I. Relevant Procedural History**

On March 13, 2017, Plaintiff Birmingham Emergency Communication District ("Plaintiff" or "the District") filed this action against Defendants Bandwidth.com, Inc. and Bandwidth.com CLEC, LLC (collectively "Defendants" or "Bandwidth"), alleging (1) violation of the Emergency Telephone Services Act ("ETSA"),[1] Ala. Code § 11-98-1 *et seq.*, (2) negligence / negligence *per se* / gross negligence / recklessness, (3) breach of fiduciary duty, (4) wantonness, and (5) misrepresentation / fraud. (Doc. # 1). Specifically, Plaintiff alleged that

---

[1] The ETSA was amended in 2012 (effective October 1, 2013); however, this case involves events occurring prior to October 1, 2013. (Doc. # 1 at ¶ 16). Accordingly, the court only refers to and considers the pre-amendment version of the ETSA.

The ETSA established 911 as the statewide emergency telephone number and created Emergency Communication Districts ("ECDs") in order to form local emergency telephone services ("911 services"). (Docs. # 1 at ¶ 11; 11 at p. 2). Prior to October 1, 2013, the ETSA authorized municipalities and counties to assess charges on exchange access lines and Voice over Internet Protocol telephone services ("911 charges") in order to fund the ECDs' 911 services. (Docs. # 1 at ¶ 2, 11; 11 at p. 2).

Bandwidth failed to bill, collect, and remit 911 charges in accordance with the ETSA, causing Plaintiff to suffer substantial financial loss. (*Id.* at ¶ 16-17, 26-27). On May 31, 2017, Bandwidth moved to dismiss Count I (violation of the ETSA) to the extent that the District sought to impose liability on Bandwidth as a wholesaler and not in connection with Bandwidth's retail business. (Doc. # 11). The court found that the ETSA did not require telecommunication wholesalers to collect and remit 911 charges, and granted Defendants' Partial Motion to Dismiss Count I of Plaintiff's Complaint (Doc. # 11) on December 5, 2017. (Docs. # 26, 27).

On January 11, 2018, Plaintiff filed the instant Motion for Leave to File First Amended Complaint. (Doc. # 32). In its Proposed Amended Complaint Plaintiff adds (among other alleged facts) allegations that Bandwidth "treated the vast majority of its customers as being 'exempt from taxation,' and thus exempt from 911 Charges, even though the Defendant did not obtain exemption certificates or other documentation to substantiate the tax exempt status" and that "[t]ypically, service providers that sell telephone service 'at wholesale' must obtain exemption certificates from their 'wholesale' customers." (Doc. # 32-1 at ¶ 4, 21-23). Defendants oppose this Motion because they argue that (1) Plaintiff's new theory of recovery is incompatible with the court's previous Memorandum Opinion (Doc. # 26) and is based on an unsupported reading of the ETSA and (2) Plaintiff is seeking an "impermissible second bite at the apple." (*See* Doc. # 34).

**II. Standard of Review**

Rule 15 of the Federal Rules of Civil Procedure governs amended and supplemental pleadings. Absent circumstances not relevant here, a party may amend the pleadings only by leave of the court or by written consent of the adverse party. *See* Fed R. Civ P. 15(a)(2). "The

court should freely give leave when justice so requires." *Id*. "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). That is, "[u]nless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial." *Fla. Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (quotation marks omitted).

The court, however, need not allow an amendment that would be futile. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Nor must a court allow an amendment where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed or where allowing the amendment would cause undue prejudice to the opposing party. *See Halpin v. Crist*, 405 Fed. App'x 403, 408-09 (11th Cir. 2010) (quoting *Corsello*, 428 F.3d at 1014); *see also Maynard v. Bd. of Regents of Div. of Univs.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (holding that the district court did not abuse its discretion in denying a motion to amend filed on the last day of discovery because granting the motion "would have produced more attempts at discovery, delayed disposition of the case, likely prejudice . . . [and] there seems to be no good reason why [the movant] could not have made the motion earlier"). A district court may, in the exercise of its inherent power to manage the conduct of litigation before it, deny leave to amend a complaint, "so long as it does not outright refuse to grant the leave without any justifying reason." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008).

**III. Analysis**

Plaintiff alleges that certain services of Bandwidth may not qualify as wholesaler services within the meaning of the ETSA and that its Amended Complaint makes additional allegations clarifying this position. (Docs. # 32, 35). Defendants counter that Bandwidth's Amended Complaint is futile and seeks an impermissible second bit at the apple. (Doc. # 34). In arguing futility, Bandwidth contends that the District's Amended Complaint is incompatible with the court's previous decision in this case and the ETSA. (Doc. # 34 at p. 4-5). However, Plaintiff's allegations that wholesale service providers typically obtain exemption certificates to prove their wholesale status and that Defendants have not offered proof of their wholesale status is not necessarily incompatible with the court's previous ruling that the ETSA did not impose a duty on telecommunication wholesalers prior to October 1, 2013. Ultimately, at this stage, there is insufficient legal authority for the court to make a ruling that Plaintiff's Amended Complaint is futile.

"Prejudice to the defendant is the most frequent reason courts deny motions for leave to amend the complaint." *Giraldo v. Drummond Co., Inc.*, No. 2:09-cv-1041-RDP, 2011 WL 13136941, at *2 (N.D. Ala. Sept. 27, 2011) (citing 6 Fed. Prac. & Pro. 2d § 1487). Here, Defendants have made no showing that they would be prejudiced by this Amended Complaint or that there has been undue delay. As Plaintiff notes, discovery in this case has not concluded, and the court has previously suggested that the parties may need to propose a new scheduling order. (Docs. # 22; 29 at p. 12; 32 at p. 4). Because the court finds that Plaintiff's "'more carefully drafted complaint *might* state a claim,'" justice requires that Plaintiff be granted leave to amend its complaint. *Bryant*, 252 F.3d at 1163 (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.

1991)) (emphasis added); *see* Fed R. Civ P. 15(a)(2).

### III. Conclusion

For the reasons outlined above, Plaintiff's Motion for Leave to Amend Complaint is due to be granted. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this April 2, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE